NOT DESIGNATED FOR PUBLICATION

No. 127,399

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DONALD ALLEN GRAHAM,
*Appellant*.

MEMORANDUM OPINION

Appeal from Finney District Court; KRISTI COTT, judge. Opinion filed January 24, 2025.
Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., HILL and WARNER, JJ.

PER CURIAM: Donald Allen Graham appeals the district court's decision to revoke his probation following his admission to several probation violations. This review is a summary disposition under Kansas Supreme Court Rule 7.014A (2024 Kan. S. Ct. R. at 48).

Graham pled no contest to possession of methamphetamine. The court sentenced him to 20 months' imprisonment but granted him a dispositional departure to probation for 12 months.

1

Later, Graham admitted several probation violations including the use of marijuana and methamphetamine. The district court revoked Graham's probation and ordered him to serve his 20-month prison sentence.

To us, Graham argues that the district court abused its discretion because his probation violations were mostly due to financial hardships. He claims that he was unable to complete court-ordered drug and alcohol evaluation because he could not afford to pay the fee for the evaluation.

But the record—including Graham's own testimony—shows some violations which had nothing to do with finances, such as violating his curfew. He also admitted to using marijuana and methamphetamine. And, in his own words, he "was fooling around" and "wasn't a hundred percent serious" about probation.

The district court here had discretion to revoke Graham's probation without imposing any intermediate sanction because Graham committed his offense after July 1, 2017, and placing him on probation instead of imposing a presumptive prison sentence was a dispositional departure. See K.S.A. 22-3716(c)(7)(B) (A district court may revoke probation without imposing intermediate sanctions if probation was granted as a dispositional departure.); *State v. Coleman*, 311 Kan. 332, 337, 460 P.3d 828 (2020).

Graham identifies no error of fact or law underlying the district court's decision. The district court's decision was not such that no reasonable person would not agree with it. Graham has not met his burden to show that the district court abused its discretion by revoking his probation and imposing the original 20-month prison sentence.

Affirmed.

2